Michael and Gabrielle DAVIS, Individually, and as Parents and Natural Guardians of Dakota and Katelyn Davis, Minors Plaintiffs

v.

**ROCOR INTERNATIONAL**
and Randolph Carson
Liebe Defendants

No. CIV.A.3:00–CV–864–BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 3, 2002.

James Franklin Noble, III, Noble & Noble, Jackson, MS, J. Kristie Smith–Miller, Smith–Miller & Associates, Jackson, MS, for Michael Davis, Gabrielle Davis, individually, and as parents and natural guardians of Dakota and Katelyn Davis, minors, plaintiffs.

Roy A. Smith, Jr., Jason H. Strong, Daniel, Coker, Horton & Bell, Jackson, MS, for Rocor International, Randolph Carson Liebe, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motions in Limine of Defendant ROCOR International ("ROCOR"). The Court has considered the Motions, Responses, attachments to each, and supporting and opposing authority and finds that the Motions in Limine should be granted in part, and denied in part.

### 1. Motion in Limine to Exclude Testimony of Stan Smith, Ph.D

ROCOR moves under Rule 702 of the Federal Rules of Evidence ("FRE")[1] to exclude testimony of Plaintiffs' designated expert witness Stan Smith, Ph.D, a forensic economist, regarding (1) the alleged loss of household services provided by Gabrielle Davis, (2) the alleged loss in the value of Gabrielle Davis's life, i.e. hedonic

---

1. Rule 702 of the FRE provides:
   If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

damages, and (3) the alleged loss of the relationship to the Davis family because of the injuries sustained by Gabrielle Davis in the motor vehicle collision that is the subject of this lawsuit. The admissibility of expert testimony is governed by Rule 702 of the FRE. In order to testify as an expert, Rule 702 requires the testimony of the proposed witness to satisfy three re-quirements: (1) the witness must be quali-fied as an expert "by knowledge, skill, experience, training or education," (2) the subject matter of the testimony must be "scientific, technical, or other specialized knowledge," and (3) the expert's knowl-edge must "assist the trier of fact to un-derstand the evidence or to determine a fact in issue." FED. R. EVID. 702.

The United States Supreme Court, in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), imposed on the trial judge the "ga-tekeeping" responsibility of assessing prof-fered expert testimony to "determine at the outset, pursuant to Rule 104(a)[2] whether the expert is proposing to testify to (1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." 509 U.S. at 592, 113 S.Ct. 2786. Thus, *Daubert* re-quires a trial judge to conduct the "prelim-inary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." *Id.* at 592–93, 113 S.Ct. 2786. For testimony to be within the scope of "scientific knowledge," there must be a showing that the basis of the expert's opinion lies within the meth-ods and procedures of science, the subjec-tive belief of an expert witness or his unsupported speculation are insufficient to meet this standard. *Id.* at 590, 113 S.Ct. 2786.

To determine whether a proposed theo-ry is scientific knowledge that will assist the trier of fact, the trial judge considers "whether it can be (and has been) tested. Scientific methodology today is based on generating hypotheses and testing them to see if they can be falsified; indeed, this methodology is what distinguishes science from other fields of human inquiry." *Id.* at 593, 113 S.Ct. 2786. Other factors relat-ing the validity of an expert's scientific methodology include: (1) whether the technique or theory has been subjected to peer review and publication, (2) the known or potential rate of error of the theory or technique, (3) the existence and mainte-nance of standards controlling operation of the technique, such as professional stan-dards of a related organization, and (4) whether the theory or technique has gained general acceptance in the scientific community. *Id.* at 594, 113 S.Ct. 2786. These "gatekeeping" considerations ensure that an expert's testimony is relevant and "rests on a reliable foundation." *Id.* at 597, 113 S.Ct. 2786.

The requirements of *Daubert* apply to both scientific knowledge and to expert testimony that involves "technical" or "oth-er specialized knowledge." *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). Therefore, in cases in which an expert has been designated to testify on a non-scientific subject, the "trial judge must determine whether the testimony has 'a reliable basis in the knowledge and experi-ence of [the relevant] discipline.'" *Id.* at 149, 119 S.Ct. 1167 (quoting *Daubert*, 509 U.S. at 592, 113 S.Ct. 2786). The burden is on the proponent of the expert testimony

---

**2.** Rule 104(a) of the FRE provides:

Preliminary questions concerning the quali-fication of a person to be a witness, the existence of a privilege, or the admissibility

of evidence shall be determined by the court... In making its determination it is not bound by the rules of evidence except those with respect to privileges.

to demonstrate that the findings and conclusions of its expert witnesses adhere to the standards set forth in *Daubert. See Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir.1998).

■ ROCOR first challenges Smith's expert evidence as it relates to the loss of household services provided by Plaintiff Gabrielle Davis because of the injuries she sustained in the subject motor vehicle collision. In his report, Smith indicates that Gabrielle Davis has difficulty in performing household services and opines that this difficulty has resulted in a forty percent loss of household services provided by her. Smith then opines that the monetary value of the household services which have been lost is $258,460.00.

The Court finds that Smith's opinion that Plaintiffs have sustained a forty percent loss of household services (even though he stated that percentage as "illustrative") is not supported by any evidence in the record. First, the Court was not presented any evidence to show that the ability of Gabrielle Davis to perform household services has been decreased by forty percent because of the injuries she sustained. Second, there has been no showing that Smith, as an economist, is independently qualified to make that determination. The Court, therefore, finds that Smith's opinion, with regard to lost household services and their corresponding monetary value, appears to be based on conjecture and/or speculation that is not supported by the record and is not within his personal, scientific knowledge. As such, the Court finds that Plaintiffs have not shown that Smith's opinion will assist the trier of fact in understanding the evidence presented at trial. Accordingly, the Court finds that the Motion in Limine to Exclude Testimony of Smith, as that motion relates to testimony pertaining to loss of household services, is well taken and should be granted.

■ ROCOR next challenges introduction of evidence by Smith pertaining to damages resulting from the reduction in the value of the life of Gabrielle Davis, i.e. hedonic damages. Smith, by applying his model framework for valuing life, opines that Gabrielle Davis has sustained hedonic damages between the amounts of $589,328.00 and $1,733,310.00. The Court finds, without deciding the issue, that even if the methodology used by Smith in estimating hedonic damages constitutes "scientific knowledge" for the purposes of Rule 702 of the FRE and *Daubert*, Plaintiffs have not shown that Smith's testimony is necessary in that there has been no showing that it will assist the trier of fact to understand or determine a fact in issue in this case. *See Daubert*, 509 U.S. at 592, 113 S.Ct. 2786. *See also Buckhalter v. Burlington N. R.R.*, —— F.Supp.2d ——, 1992 WL 236676 (N.D.Miss.1992) (finding that: "While the figures offered by Smith's tables are one person's way of attaching a quantitative figure to a qualitative value, the jury, composed of laypersons who presumably value their own life and loved ones, is equally equipped to place a quantitative value on ... companionship, affection and society should the case call for such a determination."). The Court, therefore, finds that the Motion in Limine to Exclude Testimony of Smith, as that motion relates to testimony pertaining to hedonic damages, is well taken and should be granted.

■ Finally, ROCOR seeks to exclude evidence by Smith regarding damages that resulted from the loss of relationship between husband/wife and parent/child. Smith opines that because of the injuries sustained by Gabrielle Davis, her husband has sustained a fifteen percent loss of relationship and each of her three children sustained a ten percent loss of relationship, thereby suffering damages in the amount of $1,722,011.00. The Court finds that Smith's opinion that Plaintiffs have

sustained a ten to fifteen percent loss of relationship is not supported by any evidence in the record and that Smith, as an economist, has not been shown to be qualified to make such determinations. The Court, therefore, finds that Smith's opinion, with regard to damages resulting from loss of relationship and their corresponding monetary value appears to be based on conjecture and/or speculation. The Court additionally finds that Plaintiffs have not shown this expert testimony would assist the jury in understanding the evidence presented at trial or that it would assist the jury in calculating "loss of relationship" damages in the event such calculation was warranted. Accordingly, the Court finds that the Motion in Limine to Exclude Testimony of Smith, as that motion relates to testimony of loss of relationship, is well taken and should be granted.

## 2. Motion in Limine to Exclude Federal Motor Carrier Safety Administration Records.

ROCOR seeks to exclude records obtained from the Federal Motor Carrier Safety Administration as irrelevant and prejudicial under Rules 402 and 403 of the FRE. Plaintiffs do not object to this motion in limine. The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude Federal Motor Carrier Safety Administration Records is well taken and should be granted.

## 3. Motion in Limine to Exclude Testimony by Sandra Moore with Regard to the Rate of Speed at which Defendant Randolph Liebe was Traveling

ROCOR seeks to exclude evidence, under Rules 402 and/or Rule 403 of the FRE, of Sandra Moore who testified, in her deposition, that Randolph Liebe ("Liebe") was traveling at approximately eighty to ninety miles per hour immediately before the subject motor vehicle collision occurred. The Court finds that as Plaintiffs allege that Liebe was negligent, the speed at which he was traveling is relevant under Rule 401 of the FRE and that any prejudicial effect it may have on ROCOR does not outweigh its probative value. See FED. R. EVID. 403. The Court additionally finds that ROCOR has not established that Moore should not be allowed to testify as a lay witness under either Rule 601 or Rule 701 of the FRE. The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude Testimony by Sandra Moore with Regard to the Rate of Speed at which Liebe was Traveling is not well taken and should be denied.

## 4. Motion in Limine to Exclude Testimony by Plaintiffs' Trucking Expert, Sullivan Curran, that Liebe was Driving Recklessly at the Time of the Subject Accident

ROCOR seeks to exclude testimony, in the form of an opinion by Curran, that Liebe was driving recklessly at the time the subject motor vehicle collision occurred under Rule 401 and Rule 402 of the FRE. Plaintiffs indicate that they do not intend to elicit testimony from Curran with regard to his opinion as to whether Liebe was driving recklessly "as it appears Plaintiffs would be prohibited from doing so." See Plaintiffs' Response, 8–9. The Court takes this comment as a confession of the motion and, therefore, finds that the Motion in Limine of ROCOR to Exclude Testimony by Plaintiffs' Trucking Expert, Sullivan Curran, that Liebe was Driving Recklessly at the Time of the Subject Accident should be granted.

## 5. Motion in Limine to Exclude References by Sullivan Curran Regarding his Belief that Liebe and/or ROCOR Failed to Maintain or Produce Drivers' Logs or Properly Retain Accident Records.

ROCOR seeks to exclude as irrelevant evidence by Curran with regard to the

alleged failure of Liebe and/or ROCOR to maintain, produce, or retain drivers logs or accident records. The Court was not provided any information with regard to the nature or contents of these records and, therefore, cannot make a determination with regard to their relevance at this time. The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude References by Sullivan Curran Regarding his Belief that Liebe and/or ROCOR Failed to Maintain or Produce Drivers' Logs or Properly Retain Accident Records should be denied. The Court will consider objections as to the relevancy of evidence as such objections are raised at trial.

### 6. Motion in Limine to Exclude Reference by Plaintiffs' Counsel that ROCOR is a "Rogue" Company or Liebe is a "Rogue" Driver

■ ROCOR seeks to exclude as irrelevant and prejudicial, any reference by Plaintiffs' counsel as to the alleged rogue-like character of either ROCOR or Liebe. The Court finds that the opinion of Plaintiffs' counsel is not relevant, as that term is defined by Rule 401 of the FRE. The Federal Rules of Evidence, however, do not require the trial judge to screen the words or terms used by the parties to ensure that they are palatable to the opposing counsel or the parties he or she represents. While the Court certainly would, under limited circumstances, bar the use of derogatory and or patently prejudicial terms in the courtroom, ROCOR has not shown that it would be unduly prejudiced by the use of the term "rogue" during trial. The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude References by Plaintiffs' Counsel that ROCOR is a "Rogue" Company or Liebe is a "Rogue" Driver is not well taken and should be denied.

### 7. Motion in Limine to Exclude Photographs of the Vehicle Gabrielle Davis was Operating at the Time of the Accident

ROCOR seeks to exclude from evidence photographs of the motor vehicle driven by Gabrielle Davis under Rule 403 of the FRE. Specifically, ROCOR argues it will be prejudiced by the introduction of these photographs because some of the damage depicted resulted from use of the "jaws of life," and not the collision itself. The Court was not provided actual photographs depicting the subject motor vehicle and therefore cannot, at this time, determine whether their admission would cause undue prejudice to ROCOR at trial. The Court, therefore, will hold in abeyance the Motion in Limine to Exclude Photographs of the Vehicle Gabrielle Davis was Operating at the Time of the Accident until the subject photographs are produced.

### 8. Motion in Limine to Exclude Evidence of Whether Liebe was Fired/Terminated After the Subject Accident

■ ROCOR seeks to exclude testimony with regard to the employment status of Liebe after the subject motor vehicle collision occurred on the bases that it is irrelevant, prejudicial or constitutes evidence of a subsequent remedial measure. The Court finds that evidence pertaining to Liebe's termination/resignation after the subject motor vehicle collision is not relevant to the issue of whether he was negligent at the time the collision. As such the Court finds that evidence of his post-collision employment status should be excluded under Rule 402 of the FRE. The Court additionally finds, under Rule 403 of the FRE, that ROCOR would be unduly prejudiced by the introduction of evidence pertaining to Liebe's post-collision employment status as the jury may impermissibly conclude that he was terminated/resigned because he was at fault for the collision.

The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude Evidence of Whether Liebe was Fired/Terminated After the Subject Accident is well taken and should be granted.

9. **Motion in Limine to Exclude Reference to the Fact the Liebe did not Contact the Davises After the Subject Accident**

■ ROCOR seeks to exclude as irrelevant evidence with regard to the fact that Liebe did not attempt to contact the Davis family after the subject motor vehicle collision. The Court finds that testimony or other evidence with regard to whether Liebe contacted the Davis family is not relevant to the issue of whether he was negligent at the time the subject motor vehicle collision occurred, and that this evidence should be excluded under Rule 402 of the FRE. The Court, therefore, finds that the Motion in Limine of ROCOR to Exclude Reference to the Fact the Liebe did not Contact the Davises After the Subject Accident is well taken and should be granted. However, such evidence might be relevant for impeachment purposes if Liebe testifies that he was concerned about the Plaintiffs after the accident. If Liebe so testifies, the attorney for the Plaintiffs may approach the bench and seek a reconsideration of this ruling.

### Conclusion

IT IS THEREFORE ORDERED that the Motion in Limine to Exclude Testimony Stan Smith, Ph.D [82–1] is hereby granted.

IT IS FURTHER ORDERED that the Motion in Limine [81–1] is hereby granted in part and denied in part.